UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BILLY R. THOMAS | CIVIL ACTION NO. 6:21-cv-00975 |
| VERSUS | JUDGE SUMMERHAYS |
| EUGENE EUCO FINANCE CO., INC. | MAGISTRATE JUDGE HANNA |

## **REPORT AND RECOMMENDATION**

This Court reviewed the complaint filed in this lawsuit to determine whether subject-matter jurisdiction exists, but was unable to determine whether the criteria for either federal-question jurisdiction or diversity jurisdiction were satisfied. The plaintiff was ordered to file a memorandum presenting facts establishing the court's subject-matter jurisdiction, and the defendant was given an opportunity to respond. (Rec. Doc. 9). The parties complied. (Rec. Docs. 11, 12). Now, considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, this Court recommends that this action should be dismissed for lack of subject-matter jurisdiction.

## **Background**

In April 2021, Billy R. Thomas filed this lawsuit against "Eugene Euco Finance Co. Inc." (Rec. Doc. 1 at 1). Euco Finance Co., Inc. answered the suit (Rec. Doc. 5), contending that it was improperly named in the complaint. Mr. Thomas is not represented by legal counsel and, in drafting his complaint, he used a form for a

breach of contract complaint under diversity-of-citizenship jurisdiction (Rec. Doc. 1 at 1), but he also alleged that a federal question provided the basis for the court's subject-matter jurisdiction (Rec. Doc. 1 at 4). In the complaint, Mr. Thomas alleged that he entered into a written contract with Euco in April 2018, and further alleged that Euco failed to honor the terms of the agreement. (Rec. Doc. 1 at 3). He also alleged that he was misled by Euco (Rec. Doc. 1 at 5), that Euco was negligent (Rec. Doc. 1 at 5), that Euco sold property subject to the contract (Rec. Doc. 1 at 3), and that Euco violated his rights (Rec. Doc. 1 at 3). He also alleged that the amount in controversy is $100,000. (Rec. Doc. 1 at 5).

## Law and Analysis

### A. The Plaintiff's *Pro Se* Status

A *pro se* litigant's pleadings are construed liberally[1] and held to "less stringent standards than formal pleadings drafted by lawyers."[2] However, a *pro se* "plaintiff must prove, by a preponderance of the evidence, that the court has jurisdiction based on the complaint and evidence."[3] A *pro se* plaintiff must also abide by the rules that

---

[1] *Nerren v. Livingston Police Dept.*, 86 F.3d 469, 472 (5th Cir. 1996).

[2] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)).

[3] *Dos Santos v. Belmere Ltd. Partnership*, 516 Fed. App'x 401, 402-03 (5th Cir. 2013) (citing *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995), and *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)).

govern federal courts[4] and properly plead sufficient facts that, when liberally construed, state a plausible claim to relief.[5]

## B. Subject-Matter Jurisdiction

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[6] Federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[7] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[8] A suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal-court jurisdiction establishes otherwise.[9] Absent subject-matter jurisdiction, a federal court has no power to adjudicate claims.[10] The party asserting federal jurisdiction has the burden of

---

[4] *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (citing *Frazier v. Wells Fargo Bank, N.A.*, 541 Fed. App'x 419, 421 (5th Cir. 2013)).

[5] See *Frazier v. Wells Fargo Bank, N.A.*, 541 Fed. App'x at 421-22.

[6] See, e.g., *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

[7] 28 U.S.C. § 1331.

[8] 28 U.S.C. § 1332.

[9] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. at 377).

[10] *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998); *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994).

proving its existence by a preponderance of the evidence.[11] Mr. Thomas must bear that burden in this case.

## 1. Federal Question Jurisdiction

Mr. Thomas alleged that the court has subject-matter jurisdiction because his claim arises under federal law. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[12] Federal-question jurisdiction "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"[13] Generally, a suit arises under federal law for purposes of establishing federal-question jurisdiction if there appears on the face of the complaint some substantial, disputed question of federal law.[14] A *pro se* complaint must comply with the well-pleaded complaint rule.[15]

---

[11] *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).

[12] *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). See, also, *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011).

[13] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

[14] *Carpenter v. Wichita Falls Independent School Dist.*, 44 F.3d 362, 366 (5th Cir. 1995).

[15] See, e.g., *Vela v. Manning*, 469 Fed. App'x 319, 321 (5th Cir. 2012); *Lai v. Guller*, No. 3:18-CV-1121-B-BK, 2018 WL 6174220, at *2 (N.D. Tex. Nov. 7, 2018), report and recommendation adopted, 2018 WL 6172063 (N.D. Tex. Nov. 26, 2018); *McGee v. McGee*, No.

Although Mr. Thomas alleged that the lawsuit presents a federal question, no federal statute was identified in the complaint or in the memorandum submitted in response to this Court's briefing order. Mr. Thomas's contention that his rights were violated is insufficiently vague to support a federal-question claim because he did not identify the Constitutional provision or statute protecting any right that he might claim was violated by the defendant. Furthermore, it is not possible to construe Mr. Thomas's claim as one arising under federal law. The claim he presented appears to be a state-law breach of contract claim. Therefore, even when reading the complaint liberally as is required, this Court concludes that Mr. Thomas failed to establish that the court has federal-question jurisdiction.

## 2. **Diversity Jurisdiction**

For a federal court to have diversity jurisdiction, the amount in controversy must exceed $75,000 and the parties must be diverse in citizenship[16] at the time the suit was filed.[17] "The citizenship of the parties on the date the complaint was filed

---

18-cv-0807, 2018 WL 3342060, at *2 (W.D. La. June 21, 2018), report and recommendation adopted 2018 WL 3341793 (W.D. La. July 6, 2018); *Allsbrook v. Osbourn*, No. 18-cv-0330, 2018 WL 3041195, at *2 (W.D. La. Mar. 29, 2018), report and recommendation adopted, 2018 WL 3040018 (W.D. La. June 19, 2018).

[16] 28 U.S.C. § 1332.

[17] *Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 750 (5th Cir. 2020); *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569-70 (2004).

determines the existence of diversity jurisdiction."[18]  "The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'"[19]  Accordingly, a "failure to adequately allege the basis for diversity jurisdiction mandates dismissal."[20]  In this case, Mr. Thomas alleged a sufficient amount in controversy, but he failed to establish that the parties were diverse in citizenship when the suit was filed.

In the complaint, Mr. Thomas sued a corporation.  A corporation's citizenship is determined by its state of incorporation and the state of its principal place of business.[21]  Mr. Thomas did not identify Euco's state of incorporation or principal place of business in the complaint although he stated that Euco's address is in Ville Platte, Louisiana.  (Rec. Doc. 1 at 2).  In its answer, Euco stated that it is a Louisiana corporation domiciled in Evangeline Parish, Louisiana.  While the principal place of business was not expressly provided, this statement is an allegation that the defendant corporation was formed under Louisiana law and consequently is a Louisiana citizen.  The plaintiff did not provide any contrary evidence.  Accordingly, this Court finds that the defendant is a Louisiana citizen.

---

[18] *Freeman v. N.W. Acceptance Corp.*, 754 F.2d 553, 555 n.2 (5th Cir. 1985).

[19] *Dos Santos v. Belmere Ltd. Partnership*, 516 Fed. App'x 401, 403 (5th Cir. 2013) (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009)).

[20] *Dos Santos v. Belmere Ltd. Partnership*, 516 Fed. App'x at 403 (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

[21] 28 U.S.C. § 1332(c)(1).

Since Euco is a Louisiana citizen, the court has subject-matter jurisdiction only if Mr. Thomas was a citizen of a state other than Louisiana when the suit was filed. Mr. Thomas, the plaintiff, is an individual person. The citizenship of a natural person is determined by the state in which he is domiciled.[22] Domicile requires the demonstration of two factors: residence and the intention to remain.[23] In determining domicile, courts look to a variety of factors, none of which are dispositive.[24] Such factors may include the places where the individual exercises civil and political rights, pays taxes, owns real and personal property, has a driver's license and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a family home.[25] A statement of the individual's intent is relevant, but such statement is given little weight if it conflicts with objective facts.[26]

In his complaint, Mr. Thomas stated that his address is in Opelousas, Louisiana. (Rec. Doc. 1 at 1). This Court interprets this to mean that he was residing in Louisiana when the suit was filed. In his response to this Court's briefing order,

---

[22] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

[23] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d at 571. See, also, *MidCap Media Finance, L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019).

[24] *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996).

[25] *Coury v. Prot*, 85 F.3d at 251.

[26] *Coury v. Prot*, 85 F.3d at 251.

however, Mr. Thomas stated that he is domiciled in Houston, Texas. He did not sign his memorandum, nor did he submit an affidavit swearing that this statement is true. Therefore, his statement that he is domiciled in Texas is not summary-judgment-style evidence. This statement is also confusing for two reasons. First, no time frame was provided. Second, Mr. Thomas also stated in the memorandum that he gets his mail in Opelousas, Louisiana and gets his medication in Mamou, Louisiana. He did not provide evidence of the place where he owns property, votes, pay taxes, banks, or registers his car. He did not provide any evidence regarding where he works or maintains a home for his family. He provided evidence that he owns a business in Harris County, Texas. (Rec. Doc. 11 at 3-4). But it is conceivable that a person can own a business in a state other than the one in which he is domiciled. Furthermore, Mr. Thomas did not indicate whether he actively works in the Texas business.

Mr. Thomas submitted evidence that he received medical treatment in Houston, Texas in 2019. (Rec. Doc. 11 at 5-7). Presumably, he stayed in Houston while undergoing treatment. But that does not mean that he was residing in Texas or domiciled in Texas in 2021 when the suit was filed. Furthermore, it is plausible that a person may maintain his domicile in one state, journey to another state to receive medical treatment, and reside in the second state during treatment while intending to return to the first state when the treatment is complete. In that scenario,

the person would reside in the second state but remain domiciled in the first state. Therefore, the evidence presented by Mr. Thomas with regard to his medical treatment does not establish that he changed his domicile from Louisiana to Texas.

Finally, Mr. Thomas submitted the affidavit of Johnny Thomas (Rec. Doc. 11 at 2), which stated that Johnny Thomas was domiciled in Houston, Texas in July 2021. Johnny Thomas's domicile is wholly immaterial. Furthermore, while the affidavit mentions Billy Thomas, it does not clearly state whether Billy Thomas was living in or domiciled in Houston, Texas in April 2021 when the suit was filed. It is not clear whether Mr. Thomas is seeking to prove that he changed his domicile from Louisiana to Texas. If so, however, Mr. Thomas failed to establish a factual basis for the contention that his domicile is in Texas rather than in Louisiana.

In summary, Mr. Thomas did not prove that he was domiciled in a state other than Louisiana in April 2021 when his lawsuit was filed. Therefore, he did not prove that the parties are diverse in citizenship. Absent such diversity, the court lacks subject-matter jurisdiction.

## **Conclusion**

Because the plaintiff failed to prove that the court has either federal-question jurisdiction or diversity jurisdiction, this Court recommends that this lawsuit should be dismissed for lack of subject-matter jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[27]

Signed at Lafayette, Louisiana, this 22nd day of July 2021.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[27] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).